[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CLARIFICATION
After having heard the evidence and testimony in the above-captioned matter, the court rendered a judgment of dissolution and entered certain orders in a written memorandum of decision dated November 30, 1998.
The defendant has filed a motion for clarification of certain orders contained in that memorandum of decision. The court hereby clarifies its orders as follows.
1. ALIMONY
1. On November 13, 1996, the plaintiff was ordered by this court (Vertefeuille, J.) to pay to the defendant pendente lite alimony of $145.00 per week. On of February 11, 1998, the commencement of trial in the above-captioned matter, the partiesstipulated that the plaintiff had failed to pay pendente alimony in an amount totaling $3,965.00. The court's memorandum of decision of November 30, 1998 is hereby clarified by including therein the finding that the plaintiff is in contempt of the order for alimony pendente lite in that amount.
The defendant has alleged that since conclusion of evidence and testimony offered at trial, the plaintiff incurred an additional arrearage of unpaid pendente lite alimony in the amount of approximately $6,742.50. Absent a stipulation of the parties to that effect, this court lacks the requisite evidentiary basis upon which to make a finding as to that claim by the defendant. The court directs that the defendant pursue that claim by a proper motion to be heard by the presiding family judge at which time competent evidence and testimony can be offered to permit a finding of any additional arrearage.
Having found the plaintiff in contempt for the $3,965.00 arrearage stipulated to at the time of trial, this court orders that the plaintiff is to pay that amount to the defendant within 60 days of the date of this order. The plaintiff is also ordered to pay the defendant's counsel attorney's fees in the amount of $500.00 within that same period of time. CT Page 6121
2. CHILD SUPPORT
In its memorandum, the court found that the plaintiff had consistently failed and refused to pay child support to the defendant in the pendente lite amount of $139.38 per week from the inception of the order of this court (Vertefeuille, J.) on November 13, 1996, to the date of hearing before this court on February 11, 1998. The court omitted to enter orders regarding that violation of court orders in its memorandum. That omission is corrected by the following orders. The plaintiff is ordered to pay to the defendant the accrued child arrearage in the amount of $8,920.32, which represents a total of 64 weeks of unpaid support. The plaintiff is reserved the right to make a motion for modification of this order within the time allowed for payment. At the time of any hearing on such motion of the plaintiff he will have the opportunity to offer evidence and testimony concerning any claim he has for adjustment or set-off of this total arrearage to which he may be entitled by virtue of his exercise of physical custody of the minor child during the time period in question. Failure by the plaintiff to substantiate such claim of set-off within the time ordered for payment will constitute an abandonment of any such claim.
In addition, the plaintiff is ordered to pay to the defendant's counsel the sum of $850.00 as legal fees incurred to prosecute the non-payment of child support.
The child support arrearage and related counsel fees shall be paid by the plaintiff within 90 days from the date of this order.
As with the previously addressed claim for unpaid alimony, this court is without the benefit of any sworn testimony, affidavits or stipulations of the parties concerning the defendant's claim for unpaid child support which may have accrued since the time of trial. The defendant must seek a finding and order concerning her claim for such unpaid support via a proper motion.
3. PERSONAL PROPERTY
As the defendant correctly recites in her motion for clarification, the court did find the plaintiff guilty of contempt of this court for his violation of the court's order (Vertefeuille, J.) of November 13, 1996, prohibiting the "transferring, disposing of and/or selling . . . of personal CT Page 6122 property, whether business or personal . . ." The court found that, notwithstanding the restraining order, the plaintiff knowingly and willingly violated that order by selling an automobile which was a marital asset to an acquaintance in a bar in Danbury on a Sunday afternoon.
That contempt was not addressed in the memorandum of decision. To correct that omission, the court hereby orders that the sum of $800.00, the proceeds remaining from the sale of that automobile, plus any interest which may have accrued thereon, is awarded to the defendant. In addition, the plaintiff is ordered to pay to the defendant's attorney, within 120 days of this order, the sum of $1,000.00 for legal fees and costs incurred as a result of the protracted hearings necessitated by the plaintiff's contemptuous conduct.
Wilful failure by the plaintiff to comply with the provisions of the memorandum of decision and judgment in this matter, as clarified by this memorandum, may result in further sanctions and penalties including incarceration.
By the Court,
Joseph W. Doherty Judge